Argued and submitted March 18, 1999, affirmed April 12, 2000

 OREGON RESTAURANT ASSOCIATION,
a non-profit corporation;
Clodfelters Company, LLC.;
Charles H. Johnson, Beverly J. Samuelson,
dba Bev's Café;
and Deborah Kristine Baker,
*Appellants,*

*v.*

CITY OF CORVALLIS,
a municipal corporation
and political subdivision of the State of Oregon;
and State of Oregon,
*Respondents.*

(9710260; CA A101883)

999 P2d 518

James M. Brown argued the cause for appellants. With him on the briefs was Enfield Brown Collins & Knivila.

Scott A. Fewel argued the cause for respondent City of Corvallis. On the brief were James Brewer and Eickelberg & Fewel.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent State of Oregon. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Plaintiffs[1] appeal from the trial court's judgment sustaining the validity of an ordinance of the City of Corvallis (the City) that prohibits smoking in enclosed public spaces within the City. They assert that state law preempts the City's authority to adopt the ordinance and that the ordinance is unconstitutionally vague. We affirm.

The ordinance prohibits smoking "in all enclosed public places within the City or located on City owned property, including but not limited to" various listed locations, including restaurants. As originally adopted, it exempted bars from its restrictions until July 1, 1998. After that date, a specific bar could retain the exemption if the City Manager determined that employees and nonsmoking patrons were not exposed to second-hand smoke. However, in March 1998 the City amended the ordinance to remove the latter provision, and bars are now within the requirements of the ordinance without the possibility of exemption.[2] The ordinance requires businesses that are subject to its requirements to post "no smoking" signs in every area where smoking is prohibited and at the entrances to buildings in which smoking is entirely prohibited. It is a violation of the ordinance, punishable by fines that can range between $50 and $500 per violation,[3] for a person who "owns, manages, operates or otherwise controls the use of" any premises subject to the ordinance to fail to comply with it and for any person to smoke in any area where the ordinance prohibits smoking.

■ Plaintiffs first assert that the Oregon Indoor Clean Air Act, ORS 433.835 to ORS 433.875 (the Act), preempts the

---

[1] Plaintiffs are an association of businesses in the retail food and beverage industry that has members doing business in the City, businesses that engage in the retail sale of food and beverages within the City, an owner of such a business, and a resident and elector of the City. The trial court held that some of the plaintiffs had standing to raise the issues involved in this appeal and that their claims were ripe. Defendants do not challenge those rulings on appeal; in any event, we agree with the trial court.

[2] Because the ordinance no longer gives the City Manager the authority to exempt bars from its requirements, we do not consider plaintiffs' arguments concerning the alleged unconstitutional vagueness that that exception created.

[3] The size of the fine increases with the number of violations within a 12-month period.

ordinance. ORS 433.845 prohibits smoking in a public place except in smoking areas designated according to rules that the Oregon Health Division adopts pursuant to ORS 433.850. The Act does not prohibit smoking in other locations, but it provides that the regulations that it authorizes "are in addition to and not in lieu of any other law regulating smoking." ORS 433.870

Plaintiffs rely primarily on *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 639 P2d 90 (1981), in arguing that the Act preempts the ordinance. In *City of Roseburg*, the plaintiff had created a collective bargaining system that applied to its relationship with its firefighters. That system differed from the state Public Employee Collective Bargaining Act (PECBA) in a number of respects, among other things in what happened if the employer and employee were unable to reach an agreement. Under PECBA, the issues on which the parties disagreed would then be resolved by compulsory binding arbitration that the Employment Relations Board administered. Under the Roseburg ordinance, a Board of Factfinders, in whose selection and actions ERB played no role, would select the most reasonable of the parties' final offers. Neither party had to accept the Board's recommendation. If either party rejected the recommendation, the city's voters decided between the final offers.

The Supreme Court held that PECBA preempted the Roseburg ordinance. In reaching that conclusion, it applied the analysis that it had adopted in *LaGrande/Astoria v. PERB*, 281 Or 137, 576 P2d 1204, *on rehearing* 284 Or 173, 586 P2d 765 (1978). It determined that PECBA did not deal with the structure of local government but was a general law addressed primarily to the state's substantive social, economic, and other objectives. How to deal with public employee collective bargaining was a political decision for the legislature, and PECBA expressed the legislature's decision on the subject. The city could not adopt provisions that conflicted with it. *City of Roseburg*, 292 Or at 281-83.

Plaintiffs also rely on *deParrie v. State of Oregon*, 133 Or App 613, 893 P2d 541, *rev den* 321 Or 560 (1995), in which we held that ORS 659.165, which prohibits local legislation that, among other things, singles out citizens or group

of citizens because of their sexual orientation, was valid. We relied on *LaGrande/Astoria*, in which the Supreme Court held that state law will displace a local enactment that is incompatible with a state law in an area of substantive policy. *deParrie*, 133 Or App at 618.

Plaintiffs argue, based on those cases, that the City's ordinance is inconsistent with the Act and that the Act therefore preempts the ordinance. The basic flaw in their position[4] is that in *City of Roseburg* and *deParrie* there were direct conflicts between the local ordinances and the state law. It was impossible to apply the impasse provisions of both PECBA and the Roseburg ordinance to the same bargaining situation. ORS 659.165 expressly prohibits localities from adopting the ordinances that it describes. In contrast, in this case there is no conflict between the City's ordinance and the state law. The Act prohibits smoking in certain locations; it does not contain the slightest hint that the legislature intended to create a positive right to smoke in all public places where it did not expressly forbid smoking. Nothing in the Act is inconsistent with a local jurisdiction's decision to impose greater limits on public smoking. Because the Act and the ordinance are not inconsistent, there is no issue of preemption.

*State ex rel Haley v. City of Troutdale*, 281 Or 203, 576 P2d 1238 (1978), rather than the cases that plaintiffs cite, is the closest case to this one. In *State ex rel Haley*, which the Supreme Court decided the same day as *LaGrande/Astoria*, the plaintiff sought to enjoin the City of Troutdale from enforcing a building code that was more stringent than the state building code. The Department of Commerce, of which the plaintiff was the Director, had adopted the state code. That code permitted "single wall" construction under certain conditions; the Troutdale ordinance required "double wall" construction without exception. The plaintiff alleged that the Troutdale ordinance conflicted with the state code because it imposed additional requirements. "The claim is not that the buildings complying with the ordinance would violate the

---

[1] Because of the conclusion that we reach, we do not need to consider the effect of ORS 433.870 or plaintiffs' argument that that statute applies only to state law, not to local legislation. As noted earlier, that statute provides that the restrictions imposed by the Oregon Indoor Clean Air Act "are in addition to and not in lieu of any other law regulating smoking."

state's regulations, but that the legislature has excluded regulations other than the state's." *State ex rel Haley*, 281 Or at 209. The court pointed out that the statute described the state code as "basic" uniform standards and that the Director referred to them as "minimum safety standards." It then pointed out that in *LaGrande/Astoria* it had said that it was reasonable to assume that the legislature did not, by adopting a statewide law, mean to displace local regulation of local conditions unless its intention to do so was apparent. *Id.* at 210, quoting *LaGrande/Astoria*, 281 Or at 148-49. The court then concluded that it was

> "reluctant to assume that the legislature meant to confine the protection of Oregon residents exclusively to construction standards which it described as 'basic' and which the administering agency describes as 'minimum,' and to place these beyond the power of local communities to provide additional safeguards for themselves."

The court therefore reversed a decision invalidating the challenged provisions of the Troutdale code. *Id.* at 211.

This case is close to a carbon copy of *State ex rel Haley*. Although the legislature did not expressly describe the restrictions that it placed on smoking as "basic" or "minimum," that characterization is implicit in the structure of the Act, including ORS 433.870. Beyond that, the Supreme Court's essential point applies directly: we are reluctant to assume that the legislature, in adopting statewide standards, intended to prohibit a locality from requiring more stringent limitations within its particular jurisdiction. There is absolutely nothing in the Act that would overcome that reluctance and justify us in characterizing the Act as limiting the City's ability to adopt additional restrictions on smoking in public places. There would, indeed, be an issue of preemption only if the City had attempted to permit smoking in areas where the Act prohibited it. Because the City did not do so, the Act does not preempt the ordinance.

Plaintiffs also assert that the ordinance is void because it is unconstitutionally vague. The basis for that

argument is their belief that the ordinance "potentially subjects restaurant owners and managers to liability for the conduct of other persons outside of the premises." Before considering that argument, we first describe the specific actions that may subject a person to penalties under the ordinance.[5] Section 160.02 prohibits smoking in public places; it does not itself require any person to do anything other than refraining from smoking. Section 160.03 makes it the responsibility of employers to provide smoke-free work places for all employees, if they can do so without the expense of structural or other physical modifications. Section 160.04 prohibits smoking within a reasonable distance, but not less than 10 feet, of any entrance of an enclosed area where smoking is prohibited or of any service line that begins in such a location and extends out-of-doors. Section 160.06 requires the owner, manager, or other person having control of a building or area where smoking is prohibited to post "no smoking" signs. Section 160.07 prohibits retaliation against certain persons who report a violation of the ordinance. Section 160.08 prohibits smoking within, or within 10 feet of an entrance of, a publicly owned building. Section 160.09 prohibits tobacco sales to minors. Section 160.10 establishes penalties for violating any provision of the ordinance.

■ In at least most of these provisions, the ordinance is sufficiently precise as to what it requires to be done and who it requires to do it. Plaintiffs focus their attack on only one provision, section 160.04, which prohibits smoking within "a reasonable distance," but not less than 10 feet, of an entrance to a smoke-free area or a service line that originates in such an area. In part, they argue that the owner or manager of a restaurant may be vicariously liable for conduct that occurs outside the restaurant and that the owner or manager could not control. That is not an assertion that the ordinance is vague—indeed, plaintiffs' objection is that the ordinance is

---

[5] The March 2, 1998, amendment to the ordinance makes the second ground on which plaintiffs assert that the ordinance is vague moot. We consider plaintiffs' remaining argument without deciding whether the ordinance is a penal law that is subject to attack as vague. *See Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 570 P2d 52 (1977) (describing characteristics of a criminal law); *see also State v. Robertson*, 293 Or 402, 408-10, 649 P2d 569 (1982) (limiting discussion of vagueness to penal laws).

too clear—but that it is unfair. Whether they are right is a matter for the Corvallis city council, not us, to decide.[6]

Plaintiffs also assert that "a reasonable distance" is inherently vague because the actual definition is left up to after-the-fact decisions of enforcement officials, judges, and juries. In *State v. Moyle*, 299 Or 691, 705 P2d 740 (1985), the Supreme Court rejected a vagueness challenge to a harassment statute that prohibited making a threat that "reasonably would be expected to cause alarm." It held that the statute adequately informed potential defendants of the prohibited conduct and did not unconstitutionally delegate uncontrolled discretion to a judge or jury. *Id.* at 706-07. Thus, conditioning a criminal statute on the reasonableness of a person's conduct does not necessarily make the statute unconstitutionally vague. In addition, to succeed on this facial vagueness challenge, plaintiffs must show that the ordinance is unconstitutionally vague in all of its possible applications. See *State v. Chakerian*, 325 Or 370, 381-82, 938 P2d 756 (1997). Even if we treated the specific portion of the ordinance that plaintiffs challenge as separate from the rest of the ordinance's requirements for this purpose, we can readily conceive of circumstances in which the distance between the smoker and the entrance or service line would be both greater than 10 feet and unreasonable. We therefore reject plaintiffs' facial vagueness challenge to the ordinance.

Affirmed.

---

[6] We do not need to decide whether the construction of the ordinance that is the basis for plaintiffs' objection is correct.